## (May 8, 1975)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILMA DOUGLAS, Appellant.—Appeal from a judgment of the County Court of

Tompkins County, rendered January 11, 1974, upon a verdict convicting defendant of the crime of grand larceny in the second degree. Over a period of time alleged in the indictment, defendant received excessive welfare benefits by claiming as dependents two of her children who were then residing with their father in South Carolina. She testified that these benefits were accepted under a mistaken belief that she was eligible therefor without specific regard to the actual residence of her offspring so long as the payments were applied for their care. Although rejected by the jury, her account squarely denied any intent to wrongfully obtain or appropriate the money in question. Under these circumstances, it was prejudicial error for the trial court to charge the jury that her good faith claim of right to those benefits must be proven beyond a reasonable doubt (cf. *People v Hall,* 24 AD2d 576). Although inapplicable in this case, even an affirmative defense does not carry such a high burden of proof (Penal Law, §§ 25.00, 155.15). The error was compounded when this same instruction was repeated at the conclusion of the charge in response to defense counsel's timely request to clarify this matter. Since reversal is necessitated on this ground, we do not presently decide any other issue raised by defendant. However, if the need arises, the trial court should ascertain the periods attributable to defense motions and time during which they were under court consideration so that the record will permit intelligent review of defendant's claim that she was denied a speedy trial. Judgment reversed, on the law, and a new trial ordered. Herlihy, P. J., Sweeney, Kane and Larkin, JJ., concur; Greenblott, J., concurs in part and dissents in part in the following memorandum. Greenblott, J. (concurring in part and dissenting in part). I agree that reversal is required as set forth in the majority statement. However, I also feel that the indictment should be dismissed because of the inordinate delay which is clearly attributable to the District Attorney. On October 10, 1972 the defendant's memorandum of law was served. In my view, the remainder of the month of October could be reasonably allowed to the District Attorney and the trial court to decide the motion. Nevertheless, because of the failure of the District Attorney to submit his papers on the motion before mid-March, 1973 and his failure to file his bill of particulars until April 16, 1973, prior to which trial could not have commenced, the District Attorney clearly must be charged with the responsibility for delay from at least November 1, 1972 until at least April 16, 1973, a period of five and one-half months. It further appears that the District Attorney was responsible for a period of one week's delay in September of 1972 because of failure to serve additional papers; also, the failure to bring the case to trial in June of 1973 and the postponement of the trial to September 11, 1973 was not attributable to the defendant and is not shown to have been attributable to court congestion. This last factor is particularly significant in light of the fact that the case could have been tried in March, since there were no other criminal cases on the calendar that term, but for the unexplained and unjustified procrastination by the prosecution and, in light of all these factors, it would appear that the spirit of the six-month rule has clearly been violated. Upon consideration of all the circumstances, I dissent and vote to dismiss the indictment.